UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

REBECCA MOORE

    Plaintiff,

V.                                                   CIVIL ACTION NO.

SAMUEL I. WHITE, P.C.

    Defendant.                              JUNE 24, 2011

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, as an individual consumer, against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred in Maryland.

### III. PARTIES

3. Plaintiff is a natural person residing in the Town of Annapolis, County of Anne Arundel, and State of Maryland.

4. Defendant is a foreign corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 5040 Corporate Woods Drive, Suite 130, Virginia Beach, Virginia 23462, and is authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts in this State and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Plaintiff received a collection letter from the Defendant attempting to collect a disputed debt to GMAC Mortgage, LLC.

7. Plaintiff previously disputed this debt numerous times with the original creditor.

8. Defendant sent an original collection letter to the Plaintiff dated August 5, 2010 with a defective validation of debts clause notice.

9. Defendant sent a second collection letter dated October 19, 2010 that fails to advise the Consumer Debtor of the required notice pursuant to §1692e (11).

10. Defendant sent Plaintiff another collection letter dated December 2, 2010, which states "The mortgage for the property in which you are living is about to be foreclosed (sometimes referred to as repossessed). We expect that ownership of the property will be transferred to GMAC Mortgage, LLC probably within the next sixty (60) to ninety (90)

days." This statement is false, deceptive and misleading and violated 1692e and f as the defendant has not filed a foreclosure action against Ms. Moore or it was not authorized or intended at the time stated.

## V. CLAIM FOR RELIEF

11. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

12. Defendant violated the FDCPA including but not but not limited to, the following:

   (a) Violation of §1692e

   (b) Violation of §1692f

   (c) Violation of §1692g

13. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for declaratory judgment that Defendants conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.


WHEREFORE, Plaintiff respectfully requests that judgment is entered against Defendant for the following:

   A. Declaratory judgment that Defendant's conduct violated the FDCPA;

   B. Actual damages;

   C. Statutory damages pursuant to 15 U.S.C. § 1692k;

   D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k (3).

   E. For such other and further relief as the Court may deem just and proper.

THE PLAINTIFF

BY /S/ Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com